IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ANTHONY BALDUCCI,**

    **Plaintiff,**

vs.                                            **CASE NO. 4:04CV91-MMP/AK**

**STATE OF FLORIDA, et al,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

This cause was remanded to the undersigned for a determination of the due process issues Plaintiff alleges he raised in his complaint. (Doc. 8). The undersigned had previously recommended that this cause be dismissed because Plaintiff's complaint, although it purported to raise a number of constitutional issues, was, in the opinion of the undersigned, essentially an appeal of a state court judgment regarding his divorce and child custody. (Doc. 3). After this recommendation was adopted (doc. 4) and a final judgment entered (doc. 5), Plaintiff moved for reconsideration asserting that the Rooker-Feldman doctrine, upon which the undersigned based his previous recommendation of dismissal, was inapplicable to his lawsuit because he was not

seeking to re-litigate the state court proceedings or challenge their outcome.  Rather, Plaintiff contends that he is seeking a declaratory judgment that the state court procedures employed by the Florida family law court were unconstitutional.  Plaintiff makes additional arguments in his motion for reconsideration which were apparently not persuasive to the district judge since the only issue remanded to the undersigned for consideration is that of procedural due process by the state court.  (Doc. 8).  After careful consideration of Plaintiff's complaint, the undersigned can find no allegation of a defective *procedure* by the state court and again recommends that the complaint be dismissed in its entirety.  All of Plaintiff's complaints about the state court process (and there are many) are"inexplicably intertwined" with the *result* of those proceedings, and as such the Rooker-Feldman doctrine precludes federal review.

Ordinarily, the due process requirements in a civil case are much less stringent than in a criminal case involving life and liberty interests, and all that is required is proper notice and service of process.  Fehlhaber v. Fehlhaber, 681 F.2d 1015 (5th Cir. Fla. 1982).  Plaintiff makes no allegations that he was not notified properly of any court proceedings, and although he has not supplied any of the state court papers or provided a detailed history of those proceedings he makes several references to hearings and discussions with the judge such that it is obvious he had his day in court.

In Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir.1994), the Eleventh Circuit developed a three-prong test for establishing a procedural due process clause violation under §1983: (1) there must be a deprivation of a constitutionally-protected liberty or

**No. 4:04cv91-mmp/ak**

property interest; (2) there must be state action; and (3) Plaintiff must establish a "constitutionally inadequate process." *Id.*, at 177.

Assuming that Plaintiff has a protected interest in the determination of his parental rights and it being obvious that the state court process constitutes state action, Plaintiff has wholly failed on the third element, that is he has not alleged an inadequate process by the state court, except in general and conclusory terms, and the only evidence he offers of the inadequate process is that the judgment was not in his favor. For example, Plaintiff does not allege that he was denied the opportunity to present evidence, that he was given short or inadequate notice, or that his papers were not given proper attention.  Plaintiff describes in his complaint being a party to several court hearings and discusses the fact that he filed numerous motions which were decided by the state court.  The only claims the undersigned can discern from review of Plaintiff's complaint (which is comprised of 277 separate paragraphs and is mostly argumentative and narrative) that pertain to actual state court procedures are that he was denied effective assistance of counsel; the judge did not sufficiently warn the opposing party and her witnesses about perjury to encourage more truthful testimony; the judge admonished Plaintiff several times during one proceeding and appeared irritated with him; that the judge encouraged him and others to waive a hearing on a motion for injunctive relief; and the appeals court denied his appeal in one word.

There is no constitutional right to counsel in divorce proceedings.  See Dews v. Dews, 632 A.2d 1160, 1162, fn. 1 (D.C.1993); Mekdeci v. Merrell, 711 F.2d 1510, 1522 (11th Cir. 1983) (ineffective assistance of counsel claim arises only in context of criminal

**No. 4:04cv91-mmp/ak**

proceeding);  See also Sunbye v. Ogunleye, 3 F.Supp.2d 254, 262, fn. 14 (E.D.N.Y.1998)(family court proceedings are civil in nature, not criminal; therefore, Sixth Amendment right to counsel does not attach to such proceedings).

Plaintiff's other allegations concerning judicial bias and alleged trial errors go directly to the *result* of the state court judgment in his case, and not to procedures employed by the state court, and would require this Court to review the merits of the state court decision like an appellate court, which is prohibited by the Rooker-Feldman doctrine cited in the previous recommendation.  Likewise as to Plaintiff's complaint about the appellate review or alleged lack thereof.  He does not complain that he was denied appellate review or that his efforts to seek such review were thwarted in some way, he simply is of the opinion that the court's decision should have been different.

While the undersigned can appreciate the magnitude with which Plaintiff perceives his personal problems, federal court is simply not a forum for intervening in family law issues which have long been the dominion of state court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's procedural due process claims be **DISMISSED** and this cause be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this __28th__ day of March, 2005.

        s/ A. KORNBLUM
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**No. 4:04cv91-mmp/ak**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:04cv91-mmp/ak**