IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY BALDUCCI,

    Plaintiff,
v.                                                    CASE NO. 1:04-cv-00091-MP-AK

STATE OF FLORIDA,

    Defendant.
_____/

**O R D E R**

       This matter is before the Court on Doc. 12, Plaintiff's Motion for Reconsideration of this Court's Order, Doc. 10, adopting the Magistrate Judge's Report and Recommendation, Doc .9, and dismissing Plaintiff's case. Plaintiff asserts that he did not receive a copy of the Report and Recommendation and was therefore unable to file objections prior to this Court's Order. Plaintiff has submitted his objections in this Motion for Reconsideration. The Court grants Plaintiff's Motion for Reconsideration, but affirms its prior Order dismissing this case.

       Plaintiff claims that he was denied due process during his divorce and child custody proceedings in state court. The Magistrate Judge recommended that these due process claims should be dismissed because they are vague and conclusory. Additionally, The Magistrate Judge found that Plaintiff's claims are inextricably intertwined with the result of the proceedings, which Plaintiff has no right to contest in this Court. Plaintiff's Motion for Reconsideration contains further conclusory allegations of a lack of due process and are still inextricably intertwined with the judgment of the state court which Plaintiff believes was in error.

       Among his objections, Plaintiff's only specific due process allegations are that he was denied representation by counsel and that his appeal of the state court decision was affirmed

without further opinion.  It is well settled that the state does not need to provide counsel to indigent litigants in a child custody dispute between two civil litigants.  See Rowell v. Oesterle, 626 F.2d 437 (5th Cir. 1980)[1].  Further, Plaintiff does not cite a single court case which held that summary affirmance is a violation of due process.  In fact, at least in one other setting ,the Eleventh Circuit has explicitly upheld summary affirmance.  See Lonyem v. United States Attorney General, 352 F.3d 1338 (11th Cir. 2003).  Appellate court's frequently deny cases with little more than the statement "affirmed."  This Court will not invalidate all of those decisions by declaring that such appellate procedure violates due process.

Upon review, the Magistrate's Report and Recommendation, Doc. 9, was properly adopted and incorporated into this Court's prior Order, Doc. 10.

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Reconsideration, Doc. 12, is GRANTED.

2. This Court's prior Order, Doc. 10, is AFFIRMED.

**DONE AND ORDERED** this   9th   day of June, 2005.

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

---

[1] The decisions of the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to close of business on that date, are binding as precedent on all federal courts within the Eleventh Circuit.  Bonner v. Pritchard, 661 F.2d 1206 (11th Cir. 1981).